IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEMU LEVINE | : |
|       Plaintiff | : CIVIL ACTION |
| vs. | : |
| | : NO. 06-CV-2901 |
| MICHAEL J. ASTRUE | : |
|       Defendant | : |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                      MARCH 27, 2008

      Before the Court are plaintiff's objections to the Magistrate Judge's Report and Recommendation. For the reasons that follow, the Court will sustain the objections and remand this matter to the Administrate Law Judge for further proceedings.

**BACKGROUND**

      Plaintiff is a 39 year-old male with past relevant work as a banquet server, paralegal, and landscaper. Record at 23 ("R at 23"). He alleges a disability onset date of May 1, 2003, when he began suffering from chronic neck and back pain, migraine headaches, diabetes, carpal tunnel syndrome, depression, and post-traumatic stress disorder. Id. Plaintiff also has a history of substance abuse. Id. He filed an application for disability insurance benefits and supplemental security income on January 23, 2004, and an ALJ found him not disabled on August 22, 2005. R at 28. Plaintiff filed the appeal now before the Court on July 11, 2006, and the Court ordered briefing and referred the case to a United States Magistrate Judge for a Report and Recommendation ("R&R"). The Magistrate Judge filed an R&R on December 13, 2007 (Document No. 14) recommending that the Court affirm the ALJ's decision, and the plaintiff

filed objections on December 31, 2007 (Document No. 15).

An individual is disabled within the meaning of the Social Security Act if he suffers from an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Through an ALJ, the Social Security Commissioner ascertains disability by applying the following five-step process, determining whether the claimant: (1) is capable of substantial gainful activity; (2) has a severe, medically determinable physical impairment that can be expected to last for at least twelve months; (3) has a listed medically severe impairment;[1] (4) has residual functional capacity ("RFC") sufficient to allow him to do his past relevant work; and (5) has the RFC, age, education, and work experience to do other work. See 20 C.F.R. § 404.1520.

In this case, the ALJ found that the claimant suffered from "severe" impairments, but determined that his impairments lacked the requisite severity to meet or equal a listing. R at 24-25. As to RFC, the ALJ found "that the claimant's subjective complaints are not fully consistent with the evidence of record," noting that "objective testing for his back pain shows no abnormalities," and that "his diabetes is uncontrolled due to his failure to take medication and monitor his insulin." R at 26. The ALJ also observed that plaintiff's Global Assessment Functioning ("GAF") scores[2] tended to improve following hospitalization. Id. Taking plaintiff's

---

[1] Impairments are "listed" in 20 C.F.R. Pt. 404 App. 1.

[2] The Third Circuit explains that "Global functioning or global assessment functioning scores are used by mental health clinicians and doctors to rate the social, occupational and psychological functioning of adults. See 65 F.R. 50746-01, 50764-65 (Social Security Administration Rules and Regulations). It is endorsed by the American Psychiatric Association and assesses an individual's functional abilities and limitations. See id." Irizarry v. Barnhart,

improving GAF scores together with a reference in the record "to the claimant not using his medication because of 'secondary causes like social issues,'" the ALJ found that "if the claimant followed his prescribed medication and treatment, he would not have such serious symptoms." Id.  After making these findings, the ALJ concluded that the claimant could not return to his past work, which was semi-skilled and skilled, but had the RFC to "perform medium exertional work with simple, 1-2 step work tasks." Id.

Turning to potential employment, the Vocational Expert ("VE") testified that, although claimant could not return to his past work, he could find employment in unskilled commercial cleaning, as a production laborer, or work as a packager.  R at 429.  The VE opined that plaintiff's exertional limitations would confine him to medium work activity, but did not believe those limitations would restrict plaintiff's ability to work in the fields he had identified.  R at 430.  The ALJ ultimately found that the claimant was not disabled because, although he could not return to his past work, he retained the RFC, age, education, and work experience to find other jobs existing in the national economy.  R at 26-27.

Federal district courts have jurisdiction to review an ALJ's disability determination pursuant to 42 U.S.C. § 405(g).  The district court is bound by the ALJ's findings if substantial evidence in the record supports those findings.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  An ALJ's decision is not supported by substantial evidence if the ALJ fails to apply the proper standard or regulation.

---

233 Fed. Appx. 189, 190 n.1 (3d Cir. 2007) (not precedential).

Id. at 434-35.

## ANALYSIS

The R&R suggests denying plaintiff's appeal and provides evidence from the administrative record that could have supported the ALJ's decision.  Plaintiff's objection to the R&R is, in essence, that the ALJ himself must explain the rationale behind several apparent conflicts in the record, and that a reviewing court may not suggest an appropriate rationale at a later date.  The Court will sustain plaintiff's objections because he identifies several unexplained conflicts in the ALJ's findings, and he is correct in stating that it is not for an appellate court to explain such contradictions.  See Fargnoli v. Massanari, 247 F.3d 34, 41-42 (3d Cir. 2001).

1.  **Failure to Discuss Mental Impairments in RFC Assessment**

The ALJ did not discuss all of the plaintiff's impairments in determining his RFC.  The plaintiff's treating psychologist and his state agency assessment indicated that he suffered from social function limitations.  R at 307, 337, and 342.  For example, plaintiff did not always respond appropriately to criticism and instructions from his supervisors.  R at 342.  Despite finding that the treating physician's opinion was entitled to controlling weight, R at 26, the ALJ did not discuss these limitations in his assessment of RFC, even though "a clear and satisfactory explanation" must accompany an ALJ's finding of RFC.  Fargnoli, 247 F.3d at 41 (internal quotations and citations omitted).  The ALJ's opinion below is deficient in this respect because it does not specifically discuss the mental impairments the treating physician reported.  See id. at 42 ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided.").  For example, the ALJ's assessment

limiting plaintiff to "simple, 1-2 step work tasks," R at 26, did not capture the social functioning impairments plaintiff's treating physician reported.  See Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (holding that, when plaintiff suffered from multiple mental impairments, a hypothetical question to a VE referring to "simple repetitive one, two-step tasks" was insufficient to elicit substantial evidence upon which the ALJ's opinion could be based).  It is thus necessary to remand this matter so that the ALJ can explain his RFC findings in light of the impairments plaintiff's physician identified.

### 2. Unexplained Conflict Between RFC Finding and DOT Definitions

The ALJ's decision did not explain the conflict between the skill level the ALJ found plaintiff to have and the skill requirements of the jobs the VE testified the plaintiff could perform.  The VE testified that plaintiff could find work as a commercial cleaner, a production laborer, or a packager, plaintiff's limitation to medium work activity notwithstanding.  R at 429-30.  The ALJ ultimately credited this testimony, finding that plaintiff had the RFC to "perform medium exertional work with simple, 1-2 step work tasks."  R at 26.  According to the Dictionary of Occupational Titles ("DOT"),[3] employment as a production laborer (DOT No. 361.684-018) or a packager (DOT No. 920.685-078) requires a mental capacity beyond the ability to "apply commonsense understanding to carry out simple one- or two-step instructions," instead necessitating the skill to "apply commonsense understanding and carry out detailed but uninvolved written or oral instructions."  Dictionary of Occupational Titles App. C (4th ed. 1991).  The VE's testimony that plaintiff could work as a production laborer or packager was

---

[3] The "Social Security Administration has taken administrative notice of the reliability of the job information contained in the Dictionary of Occupational Titles, referred to above, and often relies upon it at steps four and five of the evaluation process. See 20 C.F.R. § 416.966(d) (2002)."  Burns, 312 F.3d at 126.

thus inconsistent with the ALJ's finding that plaintiff was limited to "simple, 1-2 step work tasks," R at 26, because the DOT defines those positions as requiring mental facilities beyond plaintiff's abilities.  The VE and the ALJ must explain such inconsistencies on the record, and if they have not, the matter must be remanded.  See Burns, 312 F.3d at 127 (requiring that conflicts between an ALJ's findings and the DOT definitions be explained "on the record and that the ALJ explain in his decision how the conflict was resolved").  This matter is therefore remanded so that the ALJ can explain these inconsistencies.

        An appropriate Order accompanies this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEME LEVINE | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 06-CV-2901 |
| MICHAEL J. ASTRUE | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 27th day of March, 2008, it is hereby ORDERED that:

1. Plaintiff's objections (Document No. 15) to the Magistrate Judge's Report & Recommendation (Document No. 14) are SUSTAINED;

2. Plaintiff's motion for summary judgment (Document No. 8) and defendant's motion for summary judgment (Document No. 9) are DENIED; and

3. This matter is REMANDED to the Administrative Law Judge for further proceedings consistent with the attached Memorandum Opinion.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.